UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                        :            CHAPTER 7
                           :
BLACKSTONE CAPITAL STRATEGIES   :        CASE NO.: 17-11806-AJC
                           :
      Debtor.                      /

**AMENDED[1] MOTION FOR ATTORNEY'S FEES AND
COSTS PURSUANT TO CONTRACT AND 11 U.S.C. §506
AS WELL AS PURSUANT TO 11 U.S.C. §105 AS A SANCTION**

COMES NOW, Creditor, Carolyn Goldberg, ("**Goldberg**"), by and through the undersigned counsel and files this Motion to Reopen Bankruptcy Case pursuant to 11 U.S.C. §350 and Motion for Attorney's Fees Pursuant to Contract and 11 U.S.C. §506, and in support thereof would state as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, Fed. R. Bankr. P. 5010, 11 U.S.C. 506(b), and 11 U.S.C. §105.

2.      On June 1, 2016, Carolyn Goldberg filed a Verified Complaint to Foreclose Mortgage (Fla. 11th Jud. Cir. Case No. 2016-013956-CA-01) against Coastwide Services, LLC, Ashraf F. Musa, Blackstone Capital Strategies, LLC, Priority One Online Enterprises, LLC, and Unknown Tenants as to property described as:

> LOT 22, BLOCK 5, SUNNY ISLES INLAND, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, AT PAGE 69, ALL OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.
> Folio: 34-2110-001-1610
>
> a/k/a 17801 NW 18 Ave., Miami Gardens, FL 33056 (the "**Property**")

---

[1] The Motion for Attorney's Fees [D.E. 55] is amended to more specifically make a claim for fees pursuant to 11 U.S.C. §105 as a sanction for the Debtor's bad faith conduct.

3.      On December 15, 2016, the Eleventh Judicial Circuit Court entered Summary Final Judgment of Foreclosure (the "***Final Judgment***"), in favor of Movant, Carolyn Goldberg. The Final Judgment provided an award of attorney's fees to Goldberg, pursuant to the promissory note, and the mortgage which was being foreclosed.  A copy of the Final Judgment is attached hereto as **Exhibit "A"**.

4.      On February 15, 2017, the foreclosure sale was conducted with Best Investment, LLC being the highest bidder at the sale.

5.      On February 15, 2017, Blackstone Capital Strategies, [LLC] (the "***Debtor***" or "***Blackstone***"), filed the instant matter for relief under Chapter 7 of the Bankruptcy Code.  This case was initiated by the filing of a *pro se* "skeleton petition" filed by Ameenah Ali, "manager" of corporate debtor, Blackstone Capital Strategies, LLC.

6.      On February 20, 2017, the undersigned entered an appearance into the instant matter on behalf of Goldberg [D.E. 6], and on February 24, 2017 the undersigned filed a Motion for Clarification of the Automatic Stay, or in the alternative, Motion for Relief from Stay ("***Motion for Stay Relief***") [D.E. 13].

7.      The Motion for Stay Relief specifically provides at paragraph 18 that "Movant has incurred attorney's fees, and costs as a result of the necessity of filing this Motion [and] these fees and costs may be recoverable pursuant to state law."

8.      Subsequent to the Motion for Stay Relief being filed, other Motions and Responses were filed by the Debtor and other interested parties, along with other pleadings.

9.      Hearings on all pending matters were held on March 28, 2017 at 10:30 A.M.  At the conclusion of the hearings, the Court requested that all parties that desired to do so submit proposed memorandum opinions addressing the legal arguments presented at the hearing.

10.     On April 5, 2017, the Court entered an Order [D.E. 47] granting the Motion for Stay Relief.  The Order provided that the "*Debtor's bad faith in filing the petition supports voiding the petition*," and "the Court finds it appropriate to annul the stay *nunc pro tunc* to avoid further expenses resulting from the Debtor's bad faith filing."

11.     Subsequent to the bankruptcy matter being closed, the Debtor and the co-owner of the Property, Coastwide Services, LLC ("***Coastwide***"), each filed a separate Motion for a Right of Redemption. These Motions were denied by the Court.  Coastwide then filed a Motion for Rehearing of the Motion for a Right of Redemption, which was also denied.  Coastwide then filed a notice of appeal to the Third District Court of Appeal.  On August 2, 2017, the Third District released its Opinion which provided Coastwide with a Right of Redemption, and allowed Goldberg to recover "attorney's fees and costs incurred as a result of the delays and proceedings following the sale."  A copy of the Third District Opinion is attached hereto as **Exhibit "B"**.

12.     Goldberg is seeking an award of attorney's fees and costs incurred in litigating the issues in the instant bankruptcy proceeding.

13.     11 U.S.C. 506(b) provides that "to the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."

14.     As it pertains to valuation of the property, Goldberg would assert that the Property has a minimum value of $140,300.00, as the foreclosure bid was in this amount.  A copy of the bid sheet from the foreclosure action is attached hereto as **Exhibit "C"**.  Additionally, Goldberg holds a final judgment against the Property in the amount of $82,164.08, plus interest and

potentially any other fees and costs incurred.  Therefore, Goldberg would assert that the value of the Property exceeds the amount of the claim against the Property.

15.     Additionally, Goldberg would assert that the Third District Opinion specifically provides that Goldberg is entitled to attorney's fees and costs, and that promissory note and mortgage provide for payment of attorney's fees and costs incurred.  A copy of the promissory note and mortgage are attached hereto as **Exhibit "D"**.

16.     The Debtor, Blackstone Capital Strategies, LLC, acquired its interest in the subject property pursuant to a a quit claim deed recorded on August 4, 2015.  A copy of the quit claim deed is attached hereto as **Exhibit "E"**.  This interest is subject, subordinate and inferior to the mortgage related to this action, which was recorded on November 21, 2014 (see Exhibit "D").  Accordingly, Movant would assert that an award of attorney's fees pursuant to contract is appropriate.

17.     Alternatively, this Court found that nearly all of the 'badges' of a bad faith filing were present, which justified the voiding of the bankruptcy petition, and granting *nunc pro tunc* stay relief (see D.E. 47).  Accordingly, awarding attorney's fees and costs incurred in litigating this matter is appropriate under 11 U.S.C. §105 as a sanction.

18.     Goldberg is hereby seeking an award of attorney's fees and court costs incurred in litigating the instant action, as "it is for the bankruptcy court to determine whether a litigant was entitled to attorney fees incurred in the bankruptcy proceeding and, if so, what a reasonable fee should have been." Martinez v. Giacobbe, 951 So.2d 902 (Fla. 3d DCA 2007) *citing* Florida Fed. Sav. & Loan Ass'n v. Sanchez, 553 So. 2d, 1254 (Fla. 3d DCA 1989).  See also In re Numed Home Health Care, Inc., 301 B.R. 226 (Bankr. M.D. Fla. 2004).

19.    An affidavit of the amount of time and costs incurred has been filed separately from this motion.

**WHEREFORE**, the Movant prays that this Court enter an Order granting the instant Motion for Attorney's Fees and Costs pursuant to 11 U.S.C. §506(b), together with any other relief the Court deems appropriate.

Dated: February 14, 2018.

JEROME L. TEPPS, P.A.
Attorneys for Carolyn Goldberg
4300 North University Drive, Suite C-102
Sunrise, Florida  33351
Telephone: (954) 565-3231
Primary e-mail:  courtpapers@teppslawfirm.com
Secondary e-mail: jerome@teppslawfirm.com

BY:    */s/ Jerome L. Tepps, Esq.*
     ■ JEROME L. TEPPS, ESQ.
        Florida Bar No. 283045
     ☐ WILLIAM A. TRECO, ESQ.
        Florida Bar No. 89409

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was served via US Mail on this

14th day of February, 2018 to the Debtor as follows:

**Blackstone Capital Strategies**
**18520 NW 67 AVE #248**
**Miami, FL 33014**

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of

Electronic Filing on this 14th day of February, 2018, to:

- **Sergio M Cabanas**    tmcfarland@cabanaslawfirm.com , dkent@cabanaslawfirm.com ;
  Jzenon@cabanaslawfirm.com ; evanfullerlaw@gmail.com ; SergioCabanasLaw@aol.com ;
  eservice@cabanaslawfirm.com
- **Jacqueline Calderin**    calderintrustee@gmail.com , jcalderin@ecf.epiqsystems.com ;
  calderintrustee@ecf.inforuptcy.com
- **Deborah M Martin**    dmartin@martinlawpa.com
- **Timothy M McFarland**    tmcfarland@cabanaslawfirm.com , evanfullerlaw@gmail.com ;
  jzenon@cabanaslawfirm.com ; info@tmcfarlandlaw.com ; eservice@cabanaslawfirm.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Stephanie M Taylor**    staylor@thompsonlegalfl.com , pleadings@thompsonlegalfl.com
- **Jerome L Tepps**    courtpapers@teppslawfirm.com ;, jerome@teppslawfirm.com ;
  william@teppslawfirm.com ; G14314@notify.cincompass.com

JEROME L. TEPPS, P.A.
Attorneys for Carolyn Goldberg
4300 North University Drive, Suite C-102
Sunrise, Florida  33351
Telephone: (954) 565-3231
Primary e-mail:  courtpapers@teppslawfirm.com
Secondary e-mail: jerome@teppslawfirm.com

BY:    */s/ Jerome L. Tepps, Esq.*
■ JEROME L. TEPPS, ESQ.
   Florida Bar No. 283045
□ WILLIAM A. TRECO, ESQ.
   Florida Bar No. 89409

CFN: 20160727703 BOOK 30351 PAGE 2088
DATE: 12/19/2016  03:18:40 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

**IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CAROLYN GOLDBERG,
    Plaintiff,

vs.                        CASE NO.: 2016-013956-CA-01

COASTWIDE SERVICES, LLC, ASHRAF
F. MUSA, BLACKSTONE CAPITAL
STRATEGIES, LLC, PRIORITY ONE
ONLINE ENTERPRISES, LLC and
UNKNOWN TENANT(S);
                              /



## SUMMARY JUDGMENT FOR MORTGAGE FORECLOSURE

    **THIS ACTION** came before the Court for Hearing on Plaintiff, CAROLYN GOLDBERG'S Motion for Summary Judgment against Defendants, Coastwide Services, LLC, Ashraf F. Musa, Blackstone Capital Strategies, LLC, and Priority One Online Enterprises, LLC

    On the evidence presented and the Court being advised in the premises, Plaintiff, CAROLYN GOLDBERG'S Motion for Summary Judgment be and the same is hereby **GRANTED**.

    **ACCORDINGLY, IT IS ADJUDGED** that:

    1.    Plaintiff, CAROLYN GOLDBERG, whose address is c/o Jerome L. Tepps, 4300 North University Drive, Suite C-102, Sunrise, Florida, 33351 is due from Defendants Coastwide Services, LLC and Ashraf F. Musa:

| ITEM | AMOUNT |
|---|---|
| PRINCIPAL BALANCE | $55,000.00 |
| ACCRUED INTEREST (through December 15, 2016)<br>*Interest from 7/1/15 – 12/15/16*<br>*534 days @ $27.12 per day*<br>*Based on 18% per annum (Default Rate)* | $14,482.08 |
| LATE CHARGES – Pre-litigation<br>*10% late fee of $55.00*<br>*Late charges assessed for 13 payments which were not received timely*<br>*(payments due June 1, 2015 through June 1, 2016)*<br>*Reduced by $400.00 in overpayments applied to late fees* | $315.00 |
| ATTORNEYS FEES<br>*35.1 hours @ $300.00/hour* | $10,530.00 |
| COURT COSTS<br>*Filing Fee    $914.00*<br>*Clerk Issuance fess  $ 68.00*<br>*Process Server    $375.00*<br>*Lien Search    $175.00*<br>*Publication of Sale  $235.00*<br>*Clerk's Set up Fee  $ 70.00* | $1,837.00 |
| TOTAL DUE | **$82,164.08** |

That shall bear interest at the rate of 4.91% per annum from the date of this judgment.



EXHIBIT
A

CFN: 20160727703 BOOK 30351 PAGE 2089

2.   Plaintiff, CAROLYN GOLDBERG holds a lien for the total sum superior to all claims or estates of Coastwide Services, LLC, Blackstone Capital Strategies, LLC, and Priority One Online Enterprises, LLC, on the following described property in Miami-Dade County, Florida:

**LOT 22, BLOCK 5, SUNNY ISLES INLAND, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, AT PAGE 69, ALL OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

**Folio: 34-2110-001-1610**

**Street address: 17801 NW 18 Ave., Miami Gardens, FL 33056**

3.   If the total sum with interest at the rate prescribed in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the property at public sale on ___FEB 1 5 2017___, 2017 to the highest bidder for cash, except as prescribed in paragraph 5 at the ONLINE AUCTION, in accordance with section 45.031, Florida Statutes, using the following method

**By electronic sale beginning at 9:00 a.m. on the prescribed date at** www.miamidade.realforeclose.com.

4.   Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale, provided however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay said bid in full.

5.   The Court reserves jurisdiction to enter a deficiency judgment, writ of possession, and all other matters.

6.   On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff less the items paid plus interest at the rate prescribed in paragraph 1 from the date of this Final Judgment to the date of the sale; and by retaining any remaining amount remaining pending the further order of the Court.

7.   On filing the Certificate of Sale, Defendants Coastwide Services, LLC, Ashraf F. Musa, Blackstone Capital Strategies, LLC, and Priority One Online Enterprises, LLC and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property except as to claims or rights under chapter 718 or chapter 720, Florida Statues, if any.  Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

8.   IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.  IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT AT 73 WEST FLAGLER STREET, MIAMI, FLORIDA  33130 WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF

CFN: 20160727703 BOOK 30351 PAGE 2090

THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.

IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SOCIETY, DADE COUNTY BAR ASSOCIATION, 123 NW 1ST AVENUE, SUITE 214, MIAMI, FL 305 371-2220/305 579-5733 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS.  IF YOU CHOOSE TO CONTACT LEGAL AID SOCIETY AT 123 NW 1ST AVENUE, SUITE 214, MIAMI, FL 305 371-2220/305 579-5733 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

ORDERED at Miami-Dade County, Florida on the 15th day of December, 2016.

CIRCUIT JUDGE

John Schlesinger
Circuit Court Judge

COPIES FURNISHED:

| | |
|---|---|
| Blackstone Capital Strategies, LLC<br>15800 Pines Blvd. #300<br>Pembroke Pines, FL 33027 | Priority One Online Enterprises, LLC<br>c/o Corporate Entity Solutions, LLC<br>9509 S. 560 W<br>Sandy, UT 84080 |
| Christopher P. Kelley, Esquire.<br>11098 Biscayne Blvd Ste 205<br>Miami, FL 33161- | Jerome L. Tepps, Esquire.<br>4300 North University Drive, Suite C-102<br>Sunrise, Florida  33351 |

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER_____12____
THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.
Judge's Initials John Schlesinger
Circuit Court Judge

# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2017.
Not final until disposition of timely filed motion for rehearing.

---

No. 3D17-1162
Lower Tribunal No. 16-13956

---

## Coastwide Services, LLC,
Appellant,

vs.

## Carolyn Goldberg,
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Robert C. Meyer, for appellant.

Jerome L. Tepps and William A. Treco (Sunrise), for appellee.

Before SUAREZ, SALTER and LOGUE, JJ.

SALTER, J.

Coastwide Services, LLC ("Coastwide"), defendant and mortgagor in a circuit court foreclosure action, appeals orders denying its right to exercise its statutory


EXHIBIT
B

right of redemption (section 45.0315, Florida Statutes (2016)).[1] The mortgagee and plaintiff below, Carolyn Goldberg, and Best Investment, LLC ("Best Investment"), a third-party purchaser at the foreclosure sale conducted by the circuit court Clerk, opposed Coastwide's efforts to redeem.

We affirm in part, and reverse and remand the orders in part, based on the plain language of the redemption statute and the tangled procedural occurrences at and after the foreclosure sale. The pertinent events were:

1. The final judgment of foreclosure specified that the encumbered property would be sold by electronic sale beginning at 9:00 a.m. on February 15, 2017. The trial court denied a last-ditch motion by Coastwide to reschedule the sale earlier that morning.

---

[1]    **§ 45.0315.** Right of Redemption.

At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

2

2. The sale records report that the property was sold to Best Investment for $140,300.00 at 10:08 a.m. on that date. The final judgment amount in favor of Ms. Goldberg was $82,164.08.

3. At 10:09 a.m. on the same date, a co-owner of the encumbered property, Blackstone Capital Strategies ("Blackstone"), filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. On February 23, 2017, Blackstone filed an objection to the foreclosure sale of the property to Best Investment based on the Blackstone bankruptcy filing, alleging that the bankruptcy filing occurred prior to the conclusion of the electronic sale.

4. The bankruptcy filing was irregular (Blackstone was a corporation and the petition, completed in handwriting, was filed by a non-lawyer agent of Blackstone) and the petition was later determined by the Bankruptcy Court to have been filed in bad faith. In the order ultimately dismissing and closing the Blackstone case, the Bankruptcy Court vacated the automatic stay, 11 U.S.C. § 362, nunc pro tunc to the date the petition was filed. In effect, this rendered the bankruptcy a nullity insofar as the foreclosure action was concerned.

5. Meanwhile, the Clerk of Court did not issue the certificate of sale of the property to Best Investment, presumably because the Clerk had been made aware of the Blackstone bankruptcy. Coastwide's officer maintains that he made multiple efforts to vacate the sale and to redeem the property at the Clerk's office.

Coastwide's officer filed an objection to the sale and a motion to vacate the sale and certificate of sale on February 24, 2017.

6. The trial court denied these motions and a subsequent motion by Coastwide to exercise the right of redemption. Ms. Goldberg filed motions to ratify the February 15, 2017, foreclosure sale to Best Investment and to award her post-judgment interest and attorney's fees.

The trial court denied the Coastwide motions, ratified the sale, and granted Ms. Goldberg's motion to direct the Clerk to issue the certificates of sale and title. Coastwide appealed, and we stayed the trial court orders pending further order of this Court.

<u>Analysis</u>

Coastwide's co-owner, Blackstone, plainly disrupted the normally-routine foreclosure sale process. The Clerk is alleged to have declined to allow a redemption payment without a court order in light of the bankruptcy stay and other concerns. But when the smoke cleared, (a) Coastwide has not yet demonstrated a true "tender" of the redemption amount computed in accordance with the final judgment of foreclosure, and (b) no certificate of sale has been "filed" within the meaning of section 45.0315. On such a record, the trial court and this Court are presently unable to apply the statute according to its plain meaning.

We thus affirm the trial court's ratification of the foreclosure sale conducted by the Clerk without knowledge of the Blackstone bankruptcy, but we reverse and remand the orders insofar as they deny Coastwide an opportunity to redeem the property before the certificate of sale is actually filed.  See De Sousa v. JP Morgan Chase, N.A., 170 So. 3d 928, 931 (Fla. 4th DCA 2015); In re Hill, 305 B.R. 100, 111 (Bankr. M.D. Fla. 2003).  On remand, the parties may file further motions to: (1) compute the adjusted redemption amount (awarding post-judgment interest and, to the extent applicable, Ms. Goldberg's attorney's fees and costs incurred as a result of the delays and proceedings following the sale), and (2) direct the Clerk to issue and file the certificate of sale to Best Investment if the adjusted redemption amount has not been paid to the Clerk within ten days after the order fixing the adjusted redemption amount has been entered.[2]  We vacate our order granting Coastwide's emergency motion for stay pending appeal entered June 8, 2017.

Affirmed in part; reversed and remanded for further proceedings in accordance with this opinion.

---

[2] If the adjusted redemption amount is not timely paid, the certificate of title will also follow as provided by section 45.031(5), Florida Statutes (2016).

2/22/2017

RealForeclose- Miami-Dade County

Home   About Us   FAQ   Contact Us   Log Off

Bid Historyclose

**Case Number: 2016-013956-CA-01    Case ID: 158105154    End Date: 02/15/2017 10:08:00 AM**

### Proxy

| Bidder ID | Bid Info | Bid | Date/Time |
|---|---|---|---|
| 22958 | | $83,500.00 | 02/14/2017 06:01:38 PM |
| 34322 | | $85,100.00 | 02/15/2017 09:21:51 AM |
| 6939 | | $12,700.00 | 02/15/2017 09:44:21 AM |
| 6662 | | $126,800.00 | 02/15/2017 09:50:11 AM |
| 44731 | | $87,700.00 | 02/15/2017 09:51:27 AM |

### Auction

| Bidder ID | Bid Info | Bid | Date/Time |
|---|---|---|---|
| | Opening Bid | $0.00 | 02/15/2017 09:58:01 AM |
| 6662 | Auto Bid | $87,800.00 | 02/15/2017 09:50:11 AM |
| 48549 | | $89,300.00 | 02/15/2017 09:58:02 AM |
| 6662 | Auto Bid | $89,400.00 | 02/15/2017 09:50:11 AM |
| 48549 | | $99,600.00 | 02/15/2017 09:58:34 AM |
| 6662 | Auto Bid | $99,700.00 | 02/15/2017 09:50:11 AM |
| 34322 | | $102,100.00 | 02/15/2017 09:58:52 AM |
| 6662 | Auto Bid | $102,200.00 | 02/15/2017 09:50:11 AM |
| 34322 | | $105,100.00 | 02/15/2017 09:59:03 AM |
| 6662 | Auto Bid | $105,200.00 | 02/15/2017 09:50:11 AM |
| 48549 | | $105,600.00 | 02/15/2017 09:59:10 AM |
| 6662 | Auto Bid | $105,700.00 | 02/15/2017 09:50:11 AM |
| 44731 | | $107,700.00 | 02/15/2017 09:59:32 AM |
| 6662 | Auto Bid | $107,800.00 | 02/15/2017 09:50:11 AM |
| 48549 | | $125,300.00 | 02/15/2017 09:59:46 AM |
| 6662 | Auto Bid | $125,400.00 | 02/15/2017 09:50:11 AM |
| 48549 | Auto Bid | $126,900.00 | 02/15/2017 10:00:26 AM |
| 6662 | | $127,000.00 | 02/15/2017 10:00:47 AM |
| 48549 | Auto Bid | $127,100.00 | 02/15/2017 10:00:26 AM |
| 48549 | | $128,600.00 | 02/15/2017 10:00:26 AM |
| 6662 | Auto Bid | $128,700.00 | 02/15/2017 10:00:57 AM |
| 48549 | | $129,300.00 | 02/15/2017 10:01:21 AM |
| 6662 | Auto Bid | $129,400.00 | 02/15/2017 10:00:57 AM |
| 6662 | | $131,000.00 | 02/15/2017 10:00:57 AM |
| 48549 | Auto Bid | $131,100.00 | 02/15/2017 10:01:49 AM |
| 48549 | | $131,500.00 | 02/15/2017 10:01:49 AM |
| 6662 | Auto Bid | $131,600.00 | 02/15/2017 10:02:10 AM |
| 6662 | | $132,000.00 | 02/15/2017 10:02:10 AM |
| 48549 | Auto Bid | $132,100.00 | 02/15/2017 10:02:18 AM |
| 6662 | | $133,100.00 | 02/15/2017 10:02:35 AM |
| 48549 | Auto Bid | $133,200.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $135,000.00 | 02/15/2017 10:03:19 AM |
| 6662 | Auto Bid | $135,100.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $135,200.00 | 02/15/2017 10:03:58 AM |
| 6662 | Auto Bid | $135,300.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $135,600.00 | 02/15/2017 10:02:18 AM |
| 48549 | | $137,500.00 | 02/15/2017 10:04:22 AM |
| 6662 | Auto Bid | $137,600.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $137,700.00 | 02/15/2017 10:04:46 AM |
| 6662 | Auto Bid | $137,800.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $137,900.00 | 02/15/2017 10:05:29 AM |
| 6662 | Auto Bid | $138,000.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $138,200.00 | 02/15/2017 10:05:44 AM |
| 6662 | Auto Bid | $138,300.00 | 02/15/2017 10:03:01 AM |
| 48549 | | $140,200.00 | 02/15/2017 10:08:41 AM |
| 6662 | winning bid | $140,300.00 | 02/15/2017 10:07:18 AM |
| 48549 | Auction Closed | | 02/15/2017 10:08:00:00 AM |

The final bid was made by 3rd party bidder :   BEST INVESTMENT,LLC

In the total amount of :   $140,300.00

**EXHIBIT C**
tabbies®

**PROMISSORY NOTE**
**Sunrise, Florida**

**$55,000.00**                                                      **November 14, 2014**

### THIS NOTE CONTAINS A PRE-PAYMENT PENALTY

Payments when due shall be credited first against interest accrued to the date of payment with the remainder thereof credited against principal. This note may be prepaid in full or in part at any time provided that the following pre-payment fee is paid: (a) if the note is paid in full during the first twelve months of the term, payment equal to 12 months of interest shall be paid, less any interest already credited on the note prior to payoff; (b) there shall be no prepayment fee for principal payments or payoff after the first twelve months of the term of the loan.

ACCELERATION OF THE DEBT EVIDENCED BY THIS NOTE CONSTITUTES AN INVOLUNTARY PREPAYMENT UPON WHICH THE PRE-PAYMENT FEE SET FORTH HEREIN SHALL BE DUE AND PAYABLE. THIS COLLECTION OF A PRE-PAYMENT FEE WAS SPECIFICALLY BARGAINED FOR AS A CONSIDERATION FOR THE EXTENSION OF CREDIT AND INTEREST RATE GRANTED BY THE LENDER.

1) **FOR VALUE RECEIVED**, the undersigned promises to pay to the order of **CAROLYN GOLDBERG**, the principal sum of **FIFTY FIVE THOUSAND ($55,000.00) DOLLARS**, together with interest thereon from date at the rate of **12%** per annum until maturity; said monthly interest only being payable monthly on the 1st day of each and every month and being payable in lawful money of the United States at **2650 NE 11st Street, Pompano Beach, Florida 33062** or such other place as the holder hereof may designate in writing. Interest payable in installments of **$550.00** each payable on the 1st day of each and every month, beginning on the **1st day of January, 2015**, and continuing until **December 1, 2015**, when the final payment, together with accrued interest and all advancements made by the Mortgagee under the terms of this mortgage shall be due and payable.

2)      Each maker and endorser further agrees, jointly and severally, to pay all costs of collection, including a reasonable attorney's fee in case the principal of this note or any payment on the principal or any interest payment thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

3)      This note is secured by a First Mortgage of even date herewith and is to be construed and enforced according to the laws of the State of Florida; upon default in the payment of principal and/or interest when due, the whole sum of principal and interest remaining and unpaid shall, at the option of the holder, become immediately due and payable.



EXHIBIT

tabbies

D

4)    Payments when due shall be credited first against interest accrued to the date of payment with the remainder thereof credited against principal.

5)    In the event that the holder of this note has not received the full amount of any monthly payment within five (5) days after the due date, the undersigned promise to pay a late charge to the holder of this note equal to Ten (10%) percent of the overdue payment, which amount shall be liquidated damages and not a penalty. The late charge will be due and payable immediately upon accrual but only once on each late payment. The undersigned agree that proof of actual damage would be impossible to ascertain and that the late charge represents a fair and reasonable estimate of the damages the holder will sustain by reason of a late payment.

6)    The Note shall, at the option of the holder hereof, be immediately due and payable upon failure to make any payment due hereunder or for breach of any condition of any security interest, mortgage, pledge agreement or guaranty granted as collateral Security for this Note or breach of any condition of any security agreement or mortgage, if any, having a priority over any security agreement or mortgage on collateral granted, in whole or in part, as collateral security for this Note or upon the filing by any of the undersigned of an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the Bankruptcy Code; or by suffering an involuntary petition in bankruptcy or receivership not vacated within thirty days.

7)    Upon Five (5) days default in the payment of any sums due hereunder or in the performance of any covenant of the Mortgage securing this Note, the terms of which are incorporated herein by reference, the entire principal amount and all accrued interest thereon shall at once become due and payable at the option of the Lender. From and after the date upon which any payment in of principal or interest hereunder becomes due and payable (whether by acceleration or otherwise) if the same is not timely paid, or upon the occurrence of any other event of default under the terms and provisions of this Note or any default or Event of Default under any of the Loan Documents, interest shall be payable on all sums outstanding hereunder at the maximum rate permitted by applicable law (the "Default Rate"), and shall be due and payable ON DEMAND. Any judgment obtained by Payee against Maker as to any amounts due under this Note shall also bear interest at the Default Rate. Failure to exercise this option shall not constitute a waiver of the right to exercise such option in the event of subsequent default. Borrower and all sureties, guarantors and endorsees hereof hereby waive presentment, notice of dishonor and protest and, upon default, agree to pay all costs of collection including reasonable attorney's fees and a default fee to lender equal to the attorney's fees incurred by lender.

8)    Borrower does not intend or expect to pay nor does the Lender intend to expect to charge, accept or collect any interest greater than the highest legal rate of interest which may be charged under applicable law. Should the acceleration hereof or any charges made hereunder result in the computation or earning of interest in excess of

such legal rate, any and all excess shall be and the same is hereby waived by the Lender, and any such excess shall be credited by the Lender to the balance hereof.

Coastwide Services, LLC

By: _____

Ashraf F. Musa, MP

CFN: 20140807478 BOOK 29401 PAGE 3503
DATE:11/21/2014  03:29:15 PM
MTG DOC 192.50
INTANGIBLE 110.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

PREPARED BY:
JEROME L. TEPPS, ESQ.
4300 N. UNIVERSITY DRIVE, SUITE C-102
SUNRISE, FLORIDA 33351
RETURN TO:

AMOUNT OF MORTGAGE:      $55,000.00

<u>MORTGAGE</u>

Executed the 14th day of November, 2014, by **COASTWIDE SERVICES, LLC.**, a Florida limited liability company whose post office address is **1400 NW 116th Ave, Plantation, FL 33323** hereinafter referred to as MORTGAGOR, to **CAROLYN GOLDBERG** whose post office address is **2650 NE 11st Street, Pompano Beach, Florida 33062**, hereinafter referred to as MORTGAGEE:

(Wherever used herein the terms "mortgagor" and "mortgagee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations; and the term "note" includes all the notes herein described if more than one.)

WITNESSETH, that for good and valuable consideration, and also in consideration of the aggregate sum named in the promissory note of even date herewith, hereinafter described, the mortgagor hereby grants, bargains, sells, aliens, remises, conveys and confirms unto the mortgagee all the certain land of which the mortgagor is now seized and in possession situate in Miami-Dade County, Florida, viz:

LEGAL :      Lot 22 Block 5 SUNNY ISLES
INLAND, according to the plat thereof as recorded in
Plat Book 44 at Page 69 all of the Public Records of
Miami-Dade County, Florida.
Folio: 34-2110-001-1610
PROPERTY ADDRESS: 17801 NW 18th Ave, Miami Gardens, FL 33066

1.      Together with all the improvements now or hereafter erected on the property, all fixtures, equipment and machinery now or hereafter located on the property, all landscaping now or hereafter growing or planted on the property, and all replacements and additions hereto; together  with all easements rights-of-way, mineral, oil and gas rights, riparian and littoral rights, and all hereditaments, tenements and appurtenances now or hereafter attaching to the property together with all rents, royalties, issues, income and profits from the property and the abstract of title to the property, which are hereby specifically assigned and pledged to Lender as additional security for the payment of the Note; all of which, together with the above-described real property, are hereinafter referred to as the "Property". Borrower covenants that Borrower is lawfully seized of the Property, that Borrower has the right to mortgage, grant and convey the Property, that Borrower shall warrant and defend the title to the Property and that the Property is free and clear of all encumbrances

2.      AND the mortgagor covenants with the mortgagee that the mortgagor is indefeasibly seized of said Property in fee simple; that the mortgagor has good right and lawful authority to convey said Property as aforesaid; that the mortgage will make such further assurances to perfect the fee simple title to said Property in the mortgagee as may reasonably be required; that the mortgagor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free and clear of all encumbrances.

3.      PROVIDED ALWAYS, that if said mortgagor shall pay unto said mortgagee the certain promissory note hereinafter substantially copied and attached hereto as EXHIBIT B; and shall perform,-

CFN: 20140807478 BOOK 29401 PAGE 3504

comply with and abide by each and every one of the agreements, stipulations, conditions and covenants thereof, and of this mortgage, then this mortgage and the estate hereby created, shall cease, determine and be null and void.

4.    AND the mortgagor hereby further covenants and agrees to pay promptly when due the principal and interest and other sums of money provided for in said note and this mortgage, or either; to pay all and singular the taxes, assessments, levies, liabilities, obligations, and encumbrances of every nature on said property; to permit, commit or suffer no waste, impairment or deterioration of said land or the improvements thereon at any time; to keep the buildings now or hereafter on said land fully insured in a sum of not less than full insurable value in a company or companies acceptable to the mortgagee, the policy or policies to be held by, and payable to, said mortgagee, and in the event any sum of money becomes payable by virtue of such insurance the mortgage shall have the right to receive and apply the same to the indebtedness hereby secured, accounting to the mortgagor for any surplus; to pay all costs, charges, and expenses, including lawyer's fees and title searches, reasonably incurred or paid by the mortgagee because of the failure of the mortgagor to promptly and fully comply with the agreements, stipulations, conditions and covenants of said note and this mortgage, or either; to perform, comply with and abide by each and every the agreements, stipulations, conditions and covenants set forth in said note and this mortgage or either.   In the event the mortgagor fails to pay when due any tax, assessment, insurance premium or other sum of money payable by virtue of said note and this mortgage, or either, the mortgagee may pay the same, without waiving or affecting the option to foreclose or any other right hereunder, and all such payments shall bear interest from date thereof at the highest lawful rate then allowed by the laws of the State of Florida.

5.    HAZARD INSURANCE.    Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss and damage by fire, hazards included with the term "extended coverage", and flood, as well as personal liability coverage, in an amount not less than the full insurable value thereof with an insurer having an A rating or better in the A.M. Best Rating Guide. Borrower shall promptly pay all premiums for such insurance when due.   All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgagee clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and the renewals thereof and Borrower shall promptly furnish to Lender all renewal notices and all receipts of paid premiums. In the event of loss, Borrower shall give prompt notice to the insurance carrier and to Lender. Lender may make proof of loss if not made promptly by Borrower.   Lender is authorized to collect an apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6.    ESCROW FOR TAXES AND INSURANCE.   Lender may, at Lender's option, require borrower to deposit with lender, on the date of each regular payment as required by the note, until the note is fully paid, an amount equal to one twelfth or such proportionate share of the annual premiums for insurance and annual real and personal property taxes and assessments as estimated by the Lender to be sufficient to enable the Lender to pay such charges at least 30 days before they become due.   Such deposit shall be placed by Lender in an account segregated from Lender's operating account(s) in a financial institution whose accounts are insured by the Federal Government.  Not interest shall be payable on such funds. Upon Lender's demand, Borrower agrees to deliver to Lenders such additional monies as are necessary to enable Lender to pay such insurance premiums, taxes and assessments when due.  In the event of default in the Note or this Mortgage, Lender may apply any deposits so held as well as any return premium received from the cancellation of any insurance policy by Lender upon the foreclosure of this Mortgage to the indebtedness secured by this Mortgage.

7.    MAINTENANCE AND PROTECTION OF PROPERTY.   Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with all laws and governmental regulations and rules affecting the property or its operation.  If this Mortgage encumbers a unit in a condominium or a planned unit development, Borrower shall abide by and perform all of Borrower's obligations under the documents creating or governing the condominium or

CFN: 20140807478 BOOK 29401 PAGE 3505

the planned unit development including the payment of assessments or charges, if any. Borrower warrants and represents to Lender that: (a) the past and current use of the property complies with all federal, state and local environmental laws; (b) Borrower has no notice whatsoever of any violations or of the commencement or threat of any action or investigations by any governmental authority in connection with environmental matters; (c) Borrower shall comply with all present and fixture environmental laws and orders of any governmental authority and will take remedial action upon the discovery of any violation of environmental laws or regulations.

8.    ADVANCES BY LENDER.  Lender may, at Lender's option, advance money that should have been paid by Borrower in order to protect the lien or security of this Mortgage.  Borrower shall repay such monies immediately upon notice by Lender to Borrower requesting payment thereof and such funds advanced by Lender shall bear interest at the maximum rate allowed by law and shall be considered additional indebtedness of Borrower secured by this Mortgage.  In no event shall such advances by Lender be deemed a waiver of Lender's right to declare this Mortgage in default.

9.)    RIGHT OF ENTRY AND INSPECTION.  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspections specifying reasonable cause for the inspection as relates to Lender's interest in the Property.

10.    EXTENSIONS.  Extension of time for payment or modification of amortization of the sums secured by this Mortgage or taking other additional security for payment thereof shall not affect this mortgage or the rights of Lender hereunder or operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest.

11.    ATTORNEY'S FEES AND COSTS.  In the event this Mortgage or the Note or any renewal or extension thereof shall be placed in the hands of any attorney for collection by reason of a default, Borrower shall pay all costs and expenses of such collection, including reasonable attorney's fees whether incurred in or out of court, in foreclosure, or otherwise, including reasonable attorney's fees incurred in any appeal or appeals or incurred in any proceeding under bankruptcy or insolvency laws. If any action or proceeding shall be commenced by any person other than the holder of this Mortgage, (except an action to foreclose this mortgage or to collect the debts secured hereby), to which action or proceeding the holder of this Mortgage is made a party, or in which it shall be necessary for Lender to defend or uphold the lien of this Mortgage, all sums paid by the holder of this mortgage for the expense of any such litigation, including reasonable attorney's fees shall be paid by the Borrower, together with interest thereon at the maximum rate allowed by law and such sums shall become additional indebtedness of Borrower secured by this Mortgage; Lender is also entitled to attorney's fees to litigate entitlement on amount of attorney's fees.

12.    CONDEMNATION.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or any portion of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender Such proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower.

13.    DEFAULT.  The happening of any of the following events shall constitute a default hereunder: (a) a default shall occur under the Note; ( b) failure of Mortgagor to perform any material agreement of this Mortgage or in any other instrument securing said Note or in any other instrument executed by Mortgagor in connection with the loan secured hereby: (c) the filing of any petition under the Bankruptcy Code, or any similar federal or state statute, by any Borrower (which term shall mean and include the Mortgagee, each borrower, endorser, surety, guarantor and all others who may become liable for all ore any part of the obligations secured hereby, as well as anyone that owns, from time to time, all or any portion of the Property or any interest therein) or by any Borrower against another Borrower; ( d) the filing by anyone other than a Borrower of any petition under the Bankruptcy Code, or any similar federal or state statute, against any Borrower;  (E) the filing in any court by any person or entity of an application for

CFN: 20140807478 BOOK 29401 PAGE 3506

the appointment of a receiver or trustee to take custody of the Property or any part thereof; (f) the filing of any application in any court for the appointment of a receiver for the benefit of one or more creditors, or the making of a general assignment for the benefit of creditors as to any Borrower; (g) the dissolution, business failure, merger, consolidation or reorganization of any Borrower; (h) any material warranty, representation, certificate or statement of any Borrower (whether contained in this Mortgage, the Note, other instruments of security or other instruments executed in connection with the loan secured hereby) is not true; (i) taking of possession of all or any substantial part of the Property encumbered by this Mortgage or other instruments of security securing the Note at the instance of any governmental authority; (j) a default shall occur under or any proceedings are instituted for the foreclosure or collection of any mortgage, judgment or lien prior to or subordinate to the lien of this Mortgage affecting the Property (including collateral encumbered by the other instrument of security for the Note); (d) a default by Mortgagee or other Borrower shall occur under any lease or contract affecting all or any part of the Property accompanied by a default in payment; (l) should any license or permit in existence on the date of this Mortgage or any other license or permit necessary for the operation and use of the Property contemplated herein be revoked or terminated or should any conditions imposed by any governmental authority not be complied with by the time requested by such authority as a condition to non-revocation or non-termination which impairs the security to Mortgagee of the lien of this mortgage; or (m) in the event the Borrower defaults under any other mortgage, whether it be with the Mortgagee herein or otherwise. The enumeration of events of default under this paragraph 13 shall not exclude such other events of default under this Mortgage which are set forth in other paragraphs. In the event of such a default, Lender may, at Lender's option, declare all of the sums secured by this Mortgage to be immediately due and payable, without further demand. In such event, Lender may proceed to collect such sum by foreclosure or other proceedings upon this Mortgage or by any other proper legal action. Notwithstanding any other provision of this Mortgage or the Note, all sums secured by this Mortgage shall bear interest at the maximum rate allowed by law while this Mortgage is in default. This maximum rate shall apply until the loan is paid in full notwithstanding the entry of a final judgment hereon which would otherwise be subject to a lower statutory rate.

14.    WAIVER BY LENDER.    The failure to insist upon strict performance of any of the provisions of this Mortgage shall not be construed as a waiver of any subsequent default of the same or similar nature. The procurement of insurance or the payment of taxes or other assessments, liens or charges by Lender shall not be a waiver of Lender's right to declare all the sums secured by this Mortgage to be immediately due and payable without further demand.

15.    RECEIVER.    In the event of default Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession and manage the Property and to collect the rents of the property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including but not limited to receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, then to the sum secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

16.    CUMULATIVE REMEDIES.    All remedies provided in this Mortgage are distinct and cumulative and may be exercised concurrently, independently or successively.

17.    NOTICES.    Service of all notices under this Mortgage on Borrower shall be sufficient if given personally or mailed to Borrower, postage prepaid, at the most recent address of Borrower as shown on Sunbiz.org.

18.    WAIVER OF JURY TRIAL.    Borrower waives all rights to trial by jury in any action, proceeding or counterclaim brought by anyone arising out of or connected in any fashion with this Mortgage or the Note.

19.    HAZARDOUS SUBSTANCES.    Borrower shall not cause or permit the presence, use, disposal,

CFN: 20140807478 BOOK 29401 PAGE 3507

storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal uses and to maintenance of the Property. Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal of other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law at Borrower's sole cost and expense. As used in this paragraph, "Hazardous Substances" are those substances defined as toxic petroleum products, toxic pesticides and herbicides, volatile solvents, material containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means; Federal and Florida laws that relate to health, safety or environmental protection. Borrower indemnifies Lender against any and all liabilities, losses, damages, injuries and expenses of any kind, including, by example but without limitations, engineer's and professional fees, soil tests and chemical analysis and attorney fees and costs, incurred by Lender in any way relating to the use, handling, storage, transportation or disposal of Hazardous Substances on the Property.

20.    ASSIGNMENT OF RENTS.    Borrower hereby assigns all of the rents, profits, and income from the subject property as additional security for this indebtedness which shall constitute a lien on said rents or income upon default by Borrower under the terms of the agreement. In the event of a default of this agreement, Borrower agrees to pay all of the rents and income from the subject property to Lender or place same into the Registry of the Clerk of the Circuit Court in the county where the property is located as elected by Lender.

21.    IF all or any part of the property or an interest therein is sold or transferred by Mortgagor without Mortgagee's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Mortgagee may, at Mortgagee's option, declare all the sums secured by this Mortgage to be immediately due and payable.

22.    IF any sum of money herein referred to be not promptly paid within 15 days next after the same become due, or if each and every the agreements, stipulations, conditions and covenants of said note and this mortgage, or either, are not fully performed, complied with and abided by, then the entire sum mentioned in said note, and this mortgage, or the entire balance unpaid thereon, shall forthwith or thereafter, at the option of the mortgagee, become and be due and payable, anything in said note or herein to the contrary notwithstanding. Failure by the mortgagee to exercise any of the rights or options herein provided shall not constitute a waiver of any rights or options under said note or this mortgage accrued or thereafter accruing.

23.    IT IS the intention of the Parties hereto to comply with the laws of the State of Florida. In the event that any term or condition in the within Mortgage and Note obligation or allied documents collaterally securing the within obligation conflicts with any Florida law, the Mortgagee, (its successors and/or assigns) reserves the right to alter, amend or adjust any interest or other provisions thereof in order to comply with Florida law without thereby affecting the validity or survival of the remainder of said Mortgage, Note obligation or allied collateral documents simultaneously executed and delivered.

24.    Any sums which may be loaned or advanced by Mortgagee to Mortgagor at any time within twenty (20) years from the date of this mortgage, together with interest thereon at the rate agreed upon at the time of such loan or advance, shall be equally secured with and have the same priority as to original indebtedness and be subject to all the terms and provisions of this Mortgage. The aggregate amount of principal outstanding at anytime and secured by this Mortgage shall not exceed two hundred percent

CFN: 20140807478 BOOK 29401 PAGE 3508

(200%) of the original principal amount of the Note secured hereby

IN WITNESS WHEREOF, the said mortgagor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered the presence of

COASTWIDE SERVICES, LLC.
A Florida limited liability company

Witness _____

By: _____
Ashraf F. Musa, MP

Witness _____
Ameena AC:

STATE OF FLORIDA
COUNTY OF BROWARD

THE FOREGOING instrument was acknowledged before me this 14th day of November, 2014 by Ashraf F. Musa, who is personally known to me or who produced Florida photo driver's licenses as identification and who did take an oath, and they acknowledged before me that they executed the foregoing for the purposes intended therein.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal in the State and County above mentioned, this 14th day of November, 2014.

By: _____
CHRISTOPHER P KELLEY
NOTARY PUBLIC/STATE OF FLORIDA
My Commission Expires:

Notary Public State of Florida
Christopher P Kelley
My Commission EE 193335
Expires 05/21/2016

\\TEPPS01\Litigation\Phyllis\GOLDBERG\Loan to Coastwide Services, LLC\Mortgage.docx

2/13/2018

QUIT-CLAIM DEED

Return to and Prepared by:

Name: *Ameena Ali*

Address: *15800 Pines Blvd N 3027*
*Pembroke Pines, FL 33027*

Property Appraisers Parcel Identification (Folio) Number(s): *34-2110-001-1610*

Grantee(s) S.S. #(s):

CFN 2015R0501028
OR BK 29724 Pg 4061 (1Pgs)
RECORDED 08/04/2015 15:40:12
DEED DOC TAX $0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

SPACE ABOVE THIS LINE FOR PROCESSING DATA       SPACE ABOVE THIS LINE FOR RECORDING DATA

**This Quit-Claim Deed,** Executed this *14th* day of *November* A.D. *2014* by *COASTWIDE SERVICES, LLC, a Florida LLC* first party, whose post office address is to *Coastwide Services, LLC and Blackstone Capital Strategies, LLC* second party, whose post office address is *15800 Pines Blvd. #3027 Pembroke Pines, FL 33027*

(Wherever used herein the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

**WITNESSETH:** That the said first party, for and in consideration of the sum of $ 10.00 in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of *Miami-Dade*, State of *Florida*, to-wit:

*17801 NW 18th Avenue*
*Miami Gardens, FL 33056*

*Folio: 34-2110-001-1610*

*Legal: Lot 22, Block 5 Sunny Isles Inland, according to the plat thereof as recorded in Plat Book 44 at Page 69 all of the Public Records of Miami-Dade County, FL*

**TO HAVE AND TO HOLD,** The same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity, to the only proper use, benefit and behoof of the said second party forever.

**IN WITNESS WHEREOF,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

*Coastwide Services LLC*

Witness Signature

Printed Name *Roberta L. Dzubin*

Grantor Signature *M.P.* **L.S.**
Printed Name *AF MUSA, Managing Partner*
*15650 SW 12 St*
*Pembroke Pines, FL 33027*

Witness Signature
**CHRISTOPHER P. KELLEY**
Printed Name

Grantor Signature **L.S.**
Printed Name

STATE OF *FLORIDA*
COUNTY OF *MIAMI DADE*

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgements, personally appeared *AF MUSA as Managing Partner of Coastwide Services, LLC*
to me known to be the person(s) described in and who executed the foregoing Quit-Claim Deed and he/she/they acknowledged before me that he/she/they executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this *14th* day of *November, 2014* A.D.

My Commission Expires:

(SEAL)
Notary Public State of Florida
Christopher P Kelley
My Commission EE 193335
Expires 03/21/2016

Notary Signature
**CHRISTOPHER P. KELLEY**
Printed Notary Signature



EXHIBIT
E

Book29724/Page4061       CFN#20150501028                       Page 1 of 1